UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENTERPRISES LEONARD, INC., a
Michigan Corporation, d/b/a LEONARD
AUTO WORKS & TOWING and SARAH
LEONARD A/K/A SADIE LEONARD,

    Plaintiffs,

v

CASE NO:

JUDGE

MONTROSE CHARTER TOWNSHIP,
a municipal entity, and
MARK EMMENDORFER, Township Supervisor,

    Defendants.

---

TOM R. PABST (P27872)
Attorney for Plaintiffs
2503 S. Linden Rd., Suite 185
Flint, MI 48532
(810) 732-6792

---

A civil action between these parties arising out of the same transaction or occurrence alleged in this complaint has been previously filed in Genesee County Circuit Court, where it was given docket number: 15-104288-CZ, and assigned originally to Judge Joseph Farah, then reassigned to Judge Richard Yuille. That action alleged Michigan causes of actions, only, and is no longer pending as it was dismissed without prejudice by stipulation on or about 5/11/15.

## **COMPLAINT AND JURY DEMAND**

NOW COMES Tom R. Pabst, representing Sarah "Sadie" Leonard, individually and as owner of Leonard Auto Works & Towing, Plaintiffs, and shows unto this honorable Court as follows:

## JURISDICTION, VENUE, AND PARTIES

(1)     This is a civil action brought pursuant to 42 USC §1983 seeking declaratory and injunctive relief and money damages against Defendants for purposeful discrimination and/or retaliation, under color of law, in violation of the First Amendment, and the Equal Protection clause of the Fourteenth Amendment to the United States Constitution.

(2)     This Court has jurisdiction pursuant to 28 USC §1331, and §1343(a). Jurisdiction for the declaratory relief sought is also premised upon 28 USC §2201 and §2202. Venue lies in the Eastern District of Michigan pursuant to 28 USC §1391(b).

(3)     That at all times pertinent hereto, Sadie Leonard was/is a United States citizen and a resident of Genesee County, Michigan; and the owner of "Leonard Auto Works & Towing", a Michigan company, whose offices are also located in Genesee County, Michigan.

(4)     That at all times pertinent hereto, Montrose Charter Township, a governmental entity (hereinafter "Defendant Township") was/is a political subdivision located and exercising its political power in Genesee County, Michigan.

(5)     That all times pertinent hereto, Defendant Mark Emmendorfer, who is being sued in his individual capacity, was acting "under the color" of law as the Township Supervisor of Defendant Township.

## COMMON ALLEGATIONS

(6)     That we repeat paragraphs 1-5.

(7)     That Defendants herein had a policy, rule, custom, or practice of requiring the motor vehicle towing service companies having their principle place of business in the township to be used for all motor vehicle towing service calls within the township.

(8) That Leonard Auto Works & Towing (hereinafter "Towing Service") was in the towing business, including specifically the business of towing cars, and did fit within the description of towing services policies/rules/customs/practices set forth in the paragraph immediately hereinabove.

(9) That under the circumstances of this case, Defendants herein showed a predisposition to discriminate and/or retaliate, and further, did retaliate against the Plaintiffs.

(10) That Sadie Leonard, Plaintiff, and her business filed a previous lawsuit, Genesee County Circuit Court Case No: 03-07620-CZ, in which she stood up against a violation of our civil rights laws because Defendant Township did not want to do business with her *and other women* because they were women, such that she was stigmatized and branded by those in the Township offices as "Suing Sadie."

(11) That Sadie Leonard, Plaintiff, has been subject to continued discriminatory and/or retaliatory conduct from the Township, including this current Township Board and Supervisor, who are still referencing her prior case when she stood up for equality against the Township, and mocking her protected activity, by calling her "Suing Sadie" to this very day.

(12) That Sadie Leonard, and her business, have both suffered losses in business due to the discriminatory mindset/predisposition and retaliatory acts of Defendants when they manipulated the Township's bidding system, in violation of Defendants' own policies, rules and regulations, as soon as Plaintiff and Plaintiff's business was involved.

(13) That the Defendants herein acted in concert with one another, and aided and abetted one another, in accomplishing the actions and consequences set forth herein, the exact nature and extent of which concerted action is well known to Defendants, but not to Plaintiffs – yet.

3

(14) That upon information and belief, the individual Defendants herein did what they did, in part at least, for their own <u>personal</u> reasons.

(15) That the amount in controversy far exceeds $100,000.

<u>COUNT I</u><br><u>FIRST AMENDMENT VIOLATION</u>

(16) That we repeat paragraphs 1-15.

(17) That this Court has jurisdiction to hear and decide this claim pursuant to the First and Fourteenth Amendments to the United States Constitution, 42 USC §1983, and 28 USC §1331 and §1343(a).

(18) That Defendants herein owed Plaintiffs a constitutional duty not to purposefully interfere with Plaintiffs federally protected rights under the United States Constitution. See, for example, but not by way of limitation: *Bonnell v. Lorenzo*, 241 F3d 800, 812 (6th Cir 2001) (The law is well settled that complaints concerning civil rights discrimination is protected speech involving a matter of 'public concern'); and *Perry v. McGinnis*, 209 F3d 597, 606 (6th Cir 2000) ("Because Perry's speech served to ensure that the [state agency] was acting in accordance with the law..., it concerns the most public of matters.").

(19) That Plaintiffs herein -

    (a) Were engaged in protected activity under the First Amendment when they raised and/or disclosed matters of "public concern," *to wit* –

        (i) That Plaintiffs were victims of gender based discrimination;

        (ii) That Plaintiffs opposed the sex and/or gender harassment and/or discrimination for themselves and other women; and

4

   (iii) That Plaintiffs filed a lawsuit to protect and enforce their and others Constitutional rights;

   (iv) That Defendants violated their own policies, rules and regulations; and

 (b) Were retaliated against and/or punished by Defendants herein in such a way that it would chill an ordinarily firm person, such as Plaintiffs, from raising the aforesaid matters of public concern.

There was/is a causal connection between sub (a) and sub (b) hereinabove.

(20) That when Defendant Emmendorfer breached the aforesaid constitutional duties and violated Plaintiffs rights, that misconduct was/is attributed to Defendant Township under the attribution rule established by *Pembaur v City of Cincinnati*, 475 US 469 (1986).

(21) That Defendants adopted *another formal policy, rule, custom, and/or practice* that <u>disfavored</u> Plaintiffs' business and businesses run by women, and, in fact, <u>favored</u> other towing businesses run by men.

(22) That the Defendants herein acted in concert with one another, and aided and abetted one another, in accomplishing the actions and consequences set forth herein, the exact nature and extent of which concerted action is well known to Defendants, but not to Plaintiffs – yet.

(23) That upon information and belief, the individual Defendants herein did what they did, in part at least, for their own <u>personal</u> reasons.

(24) That as a direct and proximate result of Defendants aforesaid unconstitutional misconduct, Plaintiffs herein suffered the following injuries and damages, amongst others:

 (a) Plaintiff Towing Service has lost business, with all attendant good will, and suffered lost profits and income, past and future as well as the incurrence of attorney fees to try to vindicate its Constitutional Rights;

    (b)    Plaintiff Sadie Leonard has suffered the following injuries and damages, amongst others –

        (i)    loss of her job;

        (ii)    loss of her business;

        (iii)    loss of income and benefits, past and future;

        (iv)    loss of professional esteem and reputation;

        (v)    emotional distress and mental anguish, past and future;

        (vi)    injury to her feelings;

        (vii)    humiliation and embarrassment, past and future; and

        (viii)    whatever attorney fees are recoverable by law.

Because the conduct of Defendant Emmendorfer was/is reckless and/or indifferent to Plaintiffs rights, Plaintiffs are also entitled to recover punitive damages from the individual Defendant.

(25)    That the damages attributable to the aforesaid injuries and losses far exceed $100,000.

## COUNT II
## DENIAL OF EQUAL PROTECTION

(26)    Plaintiffs repeat paragraphs 1-25.

(27)    This court has jurisdiction to hear and decide this claim pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 USC §1983, and 28 USC §1331 and §1343(a).

(28)    That Defendants aforesaid conduct violated the Equal Protection Rights of women, Plaintiffs herein in particular, under the Equal Protection Clause of the Fourteenth

Amendment to the United States Constitution, and constituted intentional and purposeful discrimination against women, Sadie Leonard in particular.

(29) That when Defendant Emmendorfer breached the aforesaid constitutional duties and violated Plaintiffs rights, that misconduct was/is attributed to Defendant Township under the attribution rule established by *Pembaur v City of Cincinnati* 475 US 469 (1986).

(30) That when Defendant Emmendorfer breached the aforesaid constitutional duties and violated Plaintiffs rights, that misconduct was/is attributed to Defendant Township under the attribution rule established by *Pembaur v City of Cincinnati* 475 US 469 (1986).

(31) That Defendants adopted another formal policy, rule, custom, and/or practice that disfavored Plaintiffs' and other businesses run by women, and, in fact, favored other towing businesses run by men. And they did this intentionally and purposefully.

(32) That the Defendants herein acted in concert with one another, and aided and abetted one another, in accomplishing the actions and consequences set forth herein, the exact nature and extent of which concerted action is well known to Defendants, but not to Plaintiffs – yet.

(33) That upon information and belief, the individual Defendants herein did what they did, in part at least, for their own <u>personal</u> reasons.

(34) That as a direct and proximate result of Defendants aforesaid unconstitutional misconduct, Plaintiffs herein suffered the following injuries and damages, amongst others:

    (a) Plaintiff Towing Service has lost business, with all attendant good will, and suffered lost profits and income, past and future as well as the incurrence of attorney fees to try to vindicate its Constitutional Right;

    (b) Plaintiff Sadie Leonard has suffered the following injuries and damages, amongst others –

7

(i) loss of her job;

(ii) loss of her business;

(iii) loss of income and benefits, past and future;

(iv) loss of professional esteem and reputation;

(v) emotional distress and mental anguish, past and future;

(vi) injury to her feelings;

(vii) humiliation and embarrassment, past and future; and

(viii) whatever attorney fees are recoverable by law.

Because the conduct of Defendant Emmendorfer was/is reckless and/or indifferent to Plaintiffs rights, Plaintiffs are also entitled to recover punitive damages from this individual Defendant.

(35) That the damages attributable to the aforesaid injuries and losses far exceed $100,000.

WHEREFORE, Plaintiffs herein pray for judgment against Defendants herein as follows:

(a) Determining and declaring that Defendants interfered with Plaintiffs right secured by the Constitution and law;

(b) Enjoining Defendants from interfering in any manner with Plaintiffs exercised rights secured by the United States Constitution, or from basing any action regarding Plaintiffs and/or their towing business upon Plaintiffs exercise of said constitutional rights;

(c) For compensatory damages in whatever amount in excess of $100,000 the trier of fact finds to be fair and just, in accordance with the law and evidence;

(d) For punitive damages against the individual Defendant herein in an amount proved at trial; and

8

  (e) For the cost of this action, including specifically, but not by way of limitation, actual attorney fees allowed by law, in accordance with the established law under 42 USC §1983 and §1988.

Dated: 7-6-15

_____
TOM R. PABST (P27872)
Representing Plaintiffs

## JURY DEMAND

All Plaintiffs hereby demands a trial by jury.

Dated: 7-6-15

_____
TOM R. PABST (P27872)
Representing Plaintiffs