UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

ENTERPRISES LEONARD, INC.,
et al.,

        Plaintiffs,                    Case No. 15-12450
                                            Honorable Victoria A. Roberts

v.

MONTROSE CHARTER TOWNSHIP,
et al.,

        Defendant.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [Doc. 54]

On December 20, 2016, the Court held a hearing on Defendants' motions *in limine*; the Court ruled from the bench and entered a corresponding order announcing the resolution of each motion.  Among other things, the Court ordered that "Plaintiffs are precluded from introducing evidence regarding damages for 'repairing vehicles' and 'towing'" – referencing the damages described in paragraphs (16)(A)(1) and (16)(A)(2) on page 19 of the Joint Final Pretrial Order.

Plaintiffs move for reconsideration of that order, requesting that the Court either "[r]everse its prior ruling in its entirety" or "[s]uspend its prior ruling until [it] hears the testimony and evidence proffered at Trial or by an offer of proof."  [Doc. 54, PgID 1225].

Local Rule 7.1(h)(3) provides the Court's standard of review on a motion for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for ... reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).  Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain."  *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).  "It is an exception to the norm for the Court to grant a motion for reconsideration."  *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).  "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided."  *Id.*

The Court ruled that Plaintiffs could not present evidence regarding the above-described damages because – despite repeated requests from Defendants – they failed to supplement their discovery responses with the documents, information and/or other evidence supporting their claims for damages, in violation of Federal Rule of Civil Procedure 26.  Moreover, having not provided a basis for their damages for "repairing vehicles" and "towing," any damages calculation would be too speculative.

In their motion, Plaintiffs rehash the same arguments made during the hearing and in their response to Defendants' motion *in limine*.  They fail to show a palpable defect exists.

Plaintiffs' motion for reconsideration is **DENIED**.  Plaintiffs cannot introduce evidence regarding past or future damages for "repairing vehicles" or "towing."

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 15, 2017

2